## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**HOMESPIRE MORTGAGE CORPORATION**                                    **CIVIL ACTION**

**VERSUS**

**GOLD STAR MORTGAGE FINANCIAL GROUP, CORPORATION, ET AL.**                    **NO. 21-00306-BAJ-SDJ**

### RULING AND ORDER

This commercial dispute features two competitors in the residential mortgage loan market—Plaintiff Homespire Mortgage Corporation and Defendant Gold Star Mortgage Financial Group, Corporation—as well as Gold Star's Executive Vice President of National Retail, Defendant Eric Todd Mitchell. On March 20, 2024, the Court issued a Ruling and Order granting in part and denying in part Defendants' Motion to Dismiss Counts IV-XI Of Homespire's Second Amended Complaint Under Rule 12(b)(6). (Doc. 180). Now before the Court is Plaintiff's **Motion for Reconsideration (Doc. 181, the "Motion")**, which seeks reconsideration of the dismissal of Plaintiff's claim of tortious interference with a contract against Mitchell. That claim was dismissed because the facts alleged do not fall within the "extremely limited" definition of tortious interference in Louisiana. (Doc. 180 at 6 (citing *Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P.*, 689 F.3d 380, 396 (5th Cir. 2012)). Plaintiff argues that the Court should apply California's law, instead of Louisiana's, to Mitchell's conduct here. (Doc. 181). Because Plaintiff completely failed to raise its choice-of-law argument in its opposition to Defendants' Motion to Dismiss,

the argument has been waived, and Plaintiff's Motion will be denied.

Arguments, including those regarding choice of law, cannot be raised for the first time on a motion for reconsideration. *See Hagan v. Mazda Motor Co. of Am., Inc.,* 690 F.App'x 242, 243–44 (5th Cir. 2017) (citing *LeMaire v. Louisiana Dept. of Transp. & Dev.,* 480 F.3d 383, 387 (5th Cir. 2007)) (holding a conflict of laws issue to have been waived when raised for the first time on appeal). This is particularly so when, as here, the argument could have been raised in the original pleading, and a party fails to explain its failure to do so. *See Williams v. Toyota Motor Eng'g & Mfg. N. Am., Inc.,* 470 F.App'x 309, 313 (5th Cir. 2012) (citing *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863 (5th Cir. 2003)) ("Motions to reconsider cannot be used to raise arguments which could, and should, have been made before the judgment issued."). Plaintiff argues that it raised the issue in response to Defendants' Motion for Summary Judgment, but raising an issue in response to a later, completely different motion does not rectify Plaintiff's failure to raise the issue in response to Defendants' Motion to Dismiss. For this reason, Plaintiff's Motion will be denied.

Moreover, even if the Court engaged in the conflict of laws analysis Plaintiff requests, Plaintiff's Motion would still fail. The argument in favor of using California law for its tortious interference with contract claim goes like this: Louisiana law provides that when tortious conduct and injury occur in different states, a court should apply the law of the state where the conduct occurred if that state's law holds individuals to a higher standard of conduct than the state in which injury occurred,

even if the injury occurred in Louisiana.[1] La. Civ. Code Art. 3543. Mitchell was domiciled and carried out the acts complained of in California. (Doc. 181-1 at 3–4). California's version of tortious interference, Plaintiff argues, allows liability for more actors than does Louisiana's law. (*Id.*). Therefore, the Court should apply California's law to Plaintiff's tortious interference claim because Mitchell would be liable in that state and not in Louisiana.

There is a significant problem with Plaintiff's argument. Under California law, the contract provision with which Mitchell allegedly interfered would be null and void. Plaintiff claims that Mitchell, in inducing Plaintiff's employees to recruit coworkers to work for Gold Star, interfered with a provision in Plaintiff's employment contracts that prevented its employees from soliciting other Homespire employees to leave and work somewhere else. (Doc. 187 at 3 ("this case is about Ms. Robin's improper solicitation of her entire branch staff with the aid and assistance of Defendants Gold Star and Mitchell, in violation of the employee-non-solicitation provision of her employment agreement . . .")). But California Business and Professions Code section 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." "Section 16600 expresses California's strong public policy of protecting the right of its citizens to pursue any lawful employment and enterprise of their choice." *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923, 935 (2018) (quotations omitted) (citing *Advanced Bionics Corp. v. Medtronic, Inc.*

---

[1] Federal courts sitting in diversity must apply the choice-of-law rules of the forum state. *Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481, 485 (5th Cir. 2001).

59 P.3d 231, 236 (Cal. 2002)). Courts applying California law have consistently voided "broadly worded provisions," like the one here, that prevent individual defendants "from either directly or indirectly soliciting or recruiting, or causing others to solicit or induce," other employees because such provisions "clearly restrain[] individual defendants from practicing . . . their chosen profession." *Id.* (quotation omitted) (voiding nonsolicitation of employee provision); *see, e.g., Conversion Logic, Inc. v. Measured, Inc.*, No. 2:19-CV-05546, 2019 WL 6828283, at *4 (C.D. Cal. Dec. 13, 2019) (voiding provision that prohibited employee "for a period of one year following his termination from Conversion from 'directly or indirectly' 'employing, engaging or soliciting' any employee who was an employee of Conversion during the twelve-month period immediately prior to the termination of his employment"); *see also Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 946 (2008) ("[O]ur courts have consistently affirmed that section 16600 evinces a settled legislative policy in favor of open competition and employee mobility.").

Essentially, then, Plaintiff asks this Court to perform a choice-of-law high-wire act by applying California's law to Mitchell's conduct—which Louisiana's law does not recognize as tortious—with respect to a Louisiana contract that would be void in California. Louisiana's choice-of-law principles support the application of the law of the "state whose policies would be most seriously impaired if its laws were not applied to that issue." La. Civ. Code art. 3515. Here, ironically, California's policies would be "seriously impaired" if California's own law were applied because the Court would be holding a California domiciliary liable for conduct that is not illegal in California. The

4

Court will not apply California law under such circumstances. More importantly, the Court is loath to permit a claim that only exists through an amalgamation of two different states' laws. *See* La. Civ. Code art. 3515, cmt. (d) ("[D]épeçage[2] should not be pursued for its own sake. The unnecessary splitting of the case should be avoided, especially when it results in distorting the policies of the involved states."). For this reason, even if Plaintiff had not waived its argument, its Motion would fail.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Reconsideration (Doc. 181)** be and is hereby **DENIED**.[3]

Baton Rouge, Louisiana, this 9th day of April, 2024

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[2] Dépeçage is "[a] court's application of different state laws to different issues in a legal dispute." *Dépeçage*, Black's Law Dictionary (11th ed. 2019)

[3] Under this Court's Local Rule 7(f), "[r]eply memoranda may be filed without leave of Court in Rule 12 and Rule 56 motions only." Plaintiff sought no leave to file its reply in support of its Motion. (Doc. 187). Future such filings may be stricken without notice.